**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DEE ARNOLDS, | ) | Case No. 15-14215-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DLJ MORTGAGE CAPITAL, INC., | ) | Adversary Proceeding |
| | ) | Case No. 22-01046-BFK |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DEE ARNOLDS, AMER ALI FAROOQ, | ) | |
| NORINA FAROOQ, NICOLE FAROOQ ABU- | ) | |
| GHANNAM, AND UNITED WHOLESALE | ) | |
| MORTGAGE, LLC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the Plaintiff's, DLJ Mortgage Capital, Inc. ("DLJ"),

motion to remand this removed action to the Circuit Court of Fairfax County. Docket Nos. 21, 22.

Alternatively, DLJ requests that the Court abstain from hearing this adversary proceeding. *Id*.

Defendant Dee Arnolds ("Ms. Arnolds," or "the Debtor") opposes DLJ's request for a remand or

abstention. Docket No. 38. The co-defendants, Amer Ali Farooq, Nicole Farooq Abu-Ghannan,

Norina Farooq ("the Farooqs"), and United Wholesale Mortgage, LLC ("UWM"), have not taken

a position on the Motion. For the reasons stated below, the Motion to Remand or Abstain will be

granted and the matter will be remanded to the Circuit Court.

**Findings of Fact**

1

Although the parties disagree vehemently on many of the facts in this case, the basic contours are undisputed.[1]

*A. Ms. Arnolds' Acquisition of the Pohick Road Property.*

1.      In November 2005, Ms. Arnolds acquired the property known as 8006 Pohick Road, Springfield, VA 22153 ("the Pohick Road property"), for a purchase price of $890,000.00. Complaint at 13, Docket No. 1.

2.      She financed the purchase with a loan from BankUnited FSB, in the principal amount of $712,000.00, which was secured with a Deed of Trust against the property. *Id*. at 34.

3.      She also took out an equity line of credit (a "HELOC") with IndyMac Bank, FSB, in the amount of $89,000.00, which was secured by a subordinate Deed of Trust against the property. *Id*. at 13.

4.      In August 2006, Ms. Arnolds borrowed an additional $124,000.00 from Navy Federal Credit Union ("NFCU"), which was secured by a subordinate lien against the Pohick Road property. *Id*.

5.      In June 2009, BankUnited mistakenly recorded a Certificate of Satisfaction in the land records, thereby releasing its lien. *Id*. at 59—61.

*B. Ms. Arnolds files for Bankruptcy.*

6.      Ms. Arnolds filed a Voluntary Chapter 7 Petition with this Court on November 30, 2015. Case No. 15-14215, Docket No. 1.

7.      She listed the Pohick Road property in her Schedules with a value of $798,848.00. Schedules and/or Statements at 3, Docket No. 12.

---

[1]  All of the Findings of Fact stated here are taken from DLJ's State Court Complaint, or from the Debtor's Schedules in her bankruptcy case. DLJ Notice of Removal, Fairfax Case Complaint ("Complaint"), Docket No. 1; Case No. 15-14215-BFK, Schedules and/or Statements, Docket No. 12.

8.       She listed BankUnited as having a lien against the Pohick Road property in the
amount of $811,000.00. *Id*. at 11. She did not list this claim as being contingent, unliquidated, or
disputed. *Id*.

9.       She also listed Specialized Loan Servicing as having a "Second Mortgage" against
the Pohick Road property in the amount of $88,411.00, although she listed this as being wholly
unsecured, due to the amount of the BankUnited debt relative to the value of the property. *Id*. at
12.

10.      The Trustee filed a Report of No Distribution. Case No. 15-14215, Docket No. 13.

11.      Ms. Arnolds received a Chapter 7 discharge, and the case was closed on March 18,
2006. Case No. 15-14215, Docket Nos. 17, 19.

C.  *Ms. Arnolds Sells the Pohick Road Property and Purchases the Mariah Jefferson
     Court Property.*

12.      In August 2019, Ms. Arnolds entered into a Lien Modification Agreement ("the
LMA") with the servicer of the BankUnited loan, Select Portfolio Servicing, Inc. ("SPS").
Complaint at 67—69, Docket No. 1.

13.      In the LMA, Ms. Arnolds confirmed the validity of the Note and the Deed of Trust.
*Id*.

14.      In December 2021, Ms. Arnolds sold the Pohick Road property to the Farooqs for
approximately $1,059,000.00. *Id*. at 94—95.

15.      The Farooqs borrowed $836,385.00 from UMW, which recorded a Deed of Trust
against the Pohick Road property. *Id*. at 97.

16.      DLJ, which by the time of the sale had purchased the BankUnited loan, did not
receive any proceeds from the sale.

3

17.     Ms. Arnolds then purchased the property at 9101 Mariah Jefferson Court, Lorton, Virginia 22079 ("the Mariah Jefferson Court property"), for $550,000.00 in cash. *Id*. at 23.

18.     On April 21, 2022, BankUnited executed a Document of Rescission, purporting to rescind the Certificate of Satisfaction. *Id*. at 114—115.  The Document of Rescission was recorded in the land records of Fairfax County on recorded, on May 13, 2022. *Id*.

*D.  DLJ Files a Lawsuit in the Circuit Court of Fairfax County.*

19.     On July 1, 2022, DLJ filed a Complaint in the Circuit Court of Fairfax County against Ms. Arnolds, the Farooqs, and UMW. Case No. 2022-08827 and *Id*. at 10—23.

20.     In its Complaint, DLJ asserts the following claims:

Count I – Declaratory Judgment (against all Defendants; asserting superior lien rights in the Pohick Road property).

Count II – Breach of Contract (against Ms. Arnolds; asserting a breach of the Note, Deed of Trust, and the LMA).

Count III – Fraud (against Ms. Arnolds).

Count IV – Slander of Title (against Ms. Arnolds).

Count V – Constructive Trust (against Ms. Arnolds; asserting a constructive trust against the Mariah Jefferson Court property as the proceeds of the sale of the Pohick Road property). *Id*.

21.     On September 7, 2022. Ms. Arnolds filed a Notice of Removal, removing the State court case to this Court. *Id*. at 1—6.

22.     DLJ filed a Motion to Remand or Abstain on October 7, 2022. Docket Nos. 21, 22.

23.     The Court heard the parties' argument on December 20, 2022. Docket No. 41.

**Conclusions of Law**

DLJ seeks to remand this adversary proceeding to the State court for lack of subject matter jurisdiction in this Court. Alternatively, DLJ requests that the Court abstain from hearing this adversary proceeding. The Court will address these issues below.

**I.      Subject Matter Jurisdiction.**

Ms. Arnolds removed the action to this Court under 28 U.S.C. § 1452, which allows for removal if the District Court (here, the Bankruptcy Court as an arm of the District Court) "has jurisdiction of such claim or cause of action under Section 1334 of [Title 11]." 28 U.S.C. § 1452(a). This Court has jurisdiction over matters "arising under," "arising in," or "related to" cases under Title 11. 28 U.S.C. § 1334(a)—(b).

*A.  Core Jurisdiction.*

Matters arising under Title 11 are main bankruptcy cases. Matters arising in Title 11 are those matters which would not exist outside of a bankruptcy case, such as preference claims under § 547 of the Bankruptcy Code, or motions for the authority to use cash collateral under § 363 of the Code. *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). A controversy arises in Title 11 when "it would have no practical existence but for the bankruptcy." *A.H. Robins Co., Inc. v. Dalkon Shield Claimants Trust*, 86 F.3d 364, 372 (4th Cir. 1996).

In this case, DLJ's claims arise under State law and would exist had Ms. Arnolds never filed for bankruptcy. Ms. Arnolds argues that her affirmative defense of a bankruptcy discharge constitutes a core proceeding. The Court will assume that Ms. Arnolds' affirmative defense of a bankruptcy discharge constitutes a core proceeding, and that the Court has core jurisdiction, arising in jurisdiction over this adversary proceeding.

*B.  Non-Core, or Related, Jurisdiction.*

With respect to "related to" jurisdiction, the Fourth Circuit has adopted the *Pacor* test. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984); *Valley Historic Ltd. P'ship*, 486 F.3d at 836. The *Pacor* test holds that a matter is "related to" a bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor*, *Inc.*, 743 F.2d at 994.

DLJ's claims, as noted above, are all State law claims. Ms. Arnolds' discharge is not a related proceeding; it only exists as a result of her bankruptcy filing. The Court concludes, therefore, that it does not have non-core, "related to," jurisdiction over this adversary proceeding.

## II.     The Alleged Discharge Injunction Violations.

Bankruptcy Code § 524(a)(2) provides that a discharge operates as an injunction against the commencement or continuation of any legal action against a debtor "as a personal liability." 11 U.S.C. § 524(a)(2). Mortgage liens will survive a debtor's discharge unless they are avoided in a bankruptcy case. *See Hamlett v. Amsouth Bank (In re Hamlett)*, 322 F.3d 342, 347 (4th Cir. 2003) ("More than a century ago, the Supreme Court held that a bankruptcy discharge of a secured creditor's claim does not affect the status of the creditor's underlying lien on the debtor's property.") citing *Long v. Bullard*, 117 U.S. 617, 620—21 (1886). It is not a violation of the discharge injunction to pursue purely *in rem* claims against the Debtor, post-discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011); *see also* 11 U.S.C. § 524(j) (allowing for acts by mortgage lenders with respect to liens on debtors' personal residences, provided that "such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of *in rem*

relief to enforce the lien"). The pursuit of discharged claims against the Debtor *in personam*, on the other hand, presents an obvious violation of the discharge injunction.[2]

A.    *The Debtor's § 544(a)(3) Argument.*

Ms. Arnolds first argues that DLJ's mortgage lien on the Pohick Road property was "*eliminated* upon the filing of the petition for relief under § 544(a)(3)." Response to Motion for Remand, or in the Alternative, to Abstain at 19, Docket No. 38 (emphasis in original). The Court rejects this argument because the Trustee in Ms. Arnolds' bankruptcy case never moved to avoid the lien under § 544(a)(3). Further, Ms. Arnolds never moved to avoid the lien as impairing her exemptions pursuant to § 522(h). As noted above, liens generally survive a bankruptcy case, unless they are avoided. Take the example of a mortgage that is recorded in the land records, but that may be avoidable under applicable State law for some defect in the instrument (e.g., a mis-description of the property, or a misspelled grantor's name). If the bankruptcy court never avoids the lien, no one would be able to tell from a search of the land records that the lien was avoided automatically as a result of the mortgagor having filed for bankruptcy. This kind of result would make the land records entirely unreliable.

The case of *In re Alexander*, relied upon by Ms. Arnolds, is distinguishable. *In re Alexander*, 2014 WL 3511499 (Bankr. E.D. Va. 2014), aff'd 524 B.R. 82 (E.D. Va. 2014). In *Alexander*, the Trustee was in fact a party to the adversary proceeding and asserted an avoidance claim defensively. *Id*. Judge St. John held that the Trustee could assert her strong-arm powers under § 544(a)(3) as an affirmative defense. *Id*. There is no Trustee in this case because the case has not been reopened. In the absence of a Trustee, the Debtor's standing to raise a § 544(a)(3) avoidance claim would be limited solely to the extent that the purported lien impaired her

---

[2] *See Taggart v. Lorenzen*, 139 S.Ct. 1795, 1799 (2019) (adopting the "no fair ground of doubt" standard for violations of the discharge injunction).

exemption, which at the time she filed her bankruptcy case was $5,000.00. 11 U.S.C. § 522(h); Va. Code § 34-4.

The Court, therefore, rejects the Debtor's reliance on § 544(a)(3) in this case.

*C. The Claims as Stated in the Complaint.*

The Court turns to an examination of the claims stated in DLJ's Complaint. Complaint, Docket No. 1. Count I seeks declaratory relief as to DLJ's lien status on the Pohick Road property. *Id*. at 25—26. This is an *in rem* claim and does not violate the discharge injunction. Count II is more problematic. *Id*. at 26—27. It asserts a breach of contract claim against the Debtor for her "contractual obligations under the Note, Deed of Trust and Loan Modification Agreement." *Id*. at 26. The Deed of Trust represents a potential *in rem* lien claim against the Pohick Road property, but the Note is clearly a pre-petition, personal obligation. Further, the Lien Modification Agreement, to the extent it confirms the Debtor's personal liability on a pre-petition obligation (which was not reaffirmed in her bankruptcy case), presents a potential *in personam* claim, subject to a defense that DLJ might assert under Section 524(j).

Count III asserts fraud-based claims against the Debtor which are *in personam* in nature. *Id*. at 27—29. However, the fraud is alleged to have taken place in December 2021, when the Debtor sold the Pohick Road property, and the Debtors' discharge would not cover post-discharge fraud claims. Count IV alleges a slander of title claim against Ms. Arnolds. *Id*. at 29—30. Again, the alleged slander occurred post-discharge, so it would not be barred by the Debtor's discharge. Count V asserts a constructive trust against the Mariah Jefferson Court property, allegedly as the proceeds of the Pohick Road property. *Id*. at 30—31. The constructive trust claim appears to represent an *in personam* claim against the Debtor. *See Parker v. Handy (In re Handy),* 624 F.3d 19, 22 (1st Cir. 2010) (seeking a constructive trust does not "of itself give rise to a cause of action

by *in rem*"); *see In re Hall*, 559 B.R. 456, 461—62 (Bankr. W.D. Va. 2016) (allowing the plaintiff to seek a constructive trust through unjust enrichment would breach debtor's discharge injunction).[3]

DLJ's pursuit of any discharged claims against the Debtor *in personam* will be at its peril. The Court is not presented at this time, however, with a request for sanctions against DLJ for any alleged violations of the discharge injunction. Further, the Court is not in a position to award sanctions for an alleged violation of the discharge injunction absent a reopening of the bankruptcy case.

### III.      Reopening Bankruptcy Cases.

Bankruptcy Code § 350(b) provides that a closed case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision whether or not to reopen a bankruptcy case is committed to the Court's discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984). The Court generally should avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re Conner*, No. 12-72146, 2014 WL 879639, at *1 (Bankr. W.D. Va. Mar. 5, 2014); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007).

The reopening of a case does not afford the parties any substantive relief; rather, reopening "provides an opportunity to request further relief." *Horizon Aviation of Va., Inc. v. Alexander (In re Alexander)*, 296 B.R. 380, 382 (E.D. Va. 2003), citing *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). On the other hand, the Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act. *In re Conner*, 2014 WL 879639, at *1;

---

[3]  If DLJ is successful in obtaining a judgment on its post-discharge fraud-based claims against the Debtor, a judgment against her would attach to her interest in the Mariah Jefferson Court property, so a constructive trust would be unnecessary.

*In re Cutright*, No. 08-70160-SCS, 2012 WL 1945703, at *4 (Bankr. E.D. Va. May 30, 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005).

This Court routinely grants motions to reopen bankruptcy cases to afford relief to debtors where there is an alleged violation of the discharge injunction. The reopening of bankruptcy cases is a simple matter. *See* Bankruptcy Rule 5010. The Court does not charge a reopening fee where there is an alleged discharge injunction violation. US COURTS, BANKRUPTCY COURT MISCELLANEOUS FEE SCHEDULE (2020), ¶ 11, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule. The Court takes seriously its obligation to enforce the discharge injunction as a matter of federal bankruptcy law. In this case, though, neither the Debtor nor any other party in interest has moved to reopen the bankruptcy case. In the absence of a reopening, the Court has no ability to grant sanctions for any alleged violations of the discharge injunction.

The Debtor is not seeking any relief from this Court for DLJ's alleged violations of the discharge injunction. She simply wants this Court to adjudicate her affirmative defense of discharge, something that State courts routinely handle. *Infra* Part IV(B) (Permissive Abstention). The Court finds that, in the absence of a reopening of this case, abstention is appropriate. *In re Willett*, 1996 WL 910907, at *6 (Bankr. E.D. Va. 1996) ("[T]he court concludes that, no motion having been filed or order entered to reopen the debtor's bankruptcy case, the removal of the Motion to Approve Sale from the Fairfax County Circuit Court to this court was improper, and on that ground alone remand would be required.")[4]

## IV.    Abstention.

---

[4] If the bankruptcy case were reopened, the automatic stay (11 U.S.C. § 362(a)) would stay any further proceedings against the Debtor in State court, notwithstanding the remand, unless and until the Court grants relief from the automatic stay.

There are two kinds of abstention at issue here, mandatory abstention and permissive abstention. The Court will address both, below.

A.      *Mandatory Abstention.*

Section 1334(c)(2) of Title 28 of the U.S. Code provides as follows:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The majority of courts hold that an action must be commenced pre-petition for purposes of § 1334(c)(2). *In re: Longview Power*, *LLC*, 516 B.R. 282, 295 (Bankr. D. Del. 2014); *In re Houston Reg'l Sports Network*, *L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014); *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 877—78 (Bankr. M.D.N.C. 2011); *In re Landbank Equity Corp.*, 77 B.R. 44, 50 (E.D. Va. 1987). The majority rule is, in the Court's opinion, the better reading of the statute. Non-debtor parties ordinarily will be stayed by § 362 from initiating litigation against the debtor post-petition. Debtors, on the other hand, are free to commence litigation against non-debtor parties, post-petition. The minority view, that the action might have been commenced post-petition, would mean that a debtor seeking mandatory abstention would win on this prong all the time – the litigation either was commenced pre-petition, in which case the debtor wins, or the action is commenced post-petition by the debtor, in which case the debtor again wins (assuming all of the other requirements for mandatory abstention are met). It is unlikely that Congress, in using the language "if an action is commenced," intended the rule to be such a one-sided affair. 11 U.S.C. § 362(a).

The Court finds that mandatory abstention does not apply because the action was not commenced pre-petition.

B.     *Permissive Abstention.*

Section 1334(c)(1) of Title 28 of the U.S. Code provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). Additionally, § 1452(b) provides that this Court may remand a removed claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b).

In *In re Lee*, the Fourth Circuit held that the Court should consider the following factors in connection with an abstention motion: "the extent to which state law issues predominate over bankruptcy issues; the presence of a related proceeding commenced in state court or other nonbankruptcy court; and the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." *In re Lee*, 461 F. App'x 227, 238 (4th Cir. 2012), citing *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 69 (1st Cir. 2002).

Here, DLJ's Complaint contains only State law claims, though not terribly difficult, novel or complex ones. Further, the Circuit Court is capable of adjudicating Ms. Arnold's affirmative defense of the discharge of DLJ's claims. *Garza v. Earthstone Energy, Inc.*, 582 F.Supp.3d 405, 141 (S.D. Tex. 2022) ("[A] debtor may enforce a discharge order by asserting it as an affirmative defense in a pending state court case. . . by moving to reopen the bankruptcy case to bring an adversary complaint to enforce the discharge injunction, or by filing a declaratory judgment action in . . . bankruptcy court."); *In re G–I Holdings, Inc.*, 564 B.R. 217, 235—54 (Bankr. D.N.J. 2016), *aff'd sub nom., In re G–I Holdings Inc.*, No. 01-30135 (RG), 2017 WL 1788656 (D.N.J. May 5, 2017) ("G–I asserts that this matter involves complex bankruptcy issues based upon its affirmative

defense that the Confirmation Order and Discharge Injunction bar [debtor's] claim. However, the

Superior Court is fully capable to look to the Plan's discharge provisions to determine whether G–

I's affirmative defense applies."). As one Bankruptcy Court noted:

> If there is a genuine dispute between the parties regarding the dischargeability of the [creditor's] debt under any of the subsections of § 523(a), other than subsection (3), there are several ways to litigate the matter. First, if [the creditor] pursues a lawsuit on the claim, Debtors can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either Debtors or [the creditor] can move to reopen this case for the purpose of filing a complaint to determine dischargeability. Third, Debtors can bring an action in this court to enforce the discharge injunction contained in § 524(a) against any creditor who is attempting to collect discharged claims.

*In re Cates*, 183 B.R. 523, n.2 (M.D.N.C. 1995); *see also In re Willett*, 1996 WL 910907, n.14.

In this case, only the first alternative is presently open to the Debtor because the bankruptcy

case is, and remains, closed. There can be no adverse effect on the administration of the bankruptcy

estate because, in the absence of a reopening, there is no bankruptcy estate to administer. There is

no suggestion of any improper forum shopping by any of the parties.

In short, there is a distinction to be made between asserting the discharge as an affirmative

defense, over which the State court and this Court have concurrent jurisdiction, and seeking

contempt sanctions for violations of the discharge injunction, over which this Court has exclusive

jurisdiction. The Court, therefore, finds that permissive abstention is appropriate in this case.

**V.      DLJ's Request for Attorney's Fees.**

Finally, DLJ seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), which

provides that "[a]n order remanding the case *may* require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c)

(emphasis added). The use of the term "may" imparts some discretion on the Court's part. *See*

*Common Cause v. Lewis*, 956 F.3d 246, 256 (4th Cir. 2020) ("There is no automatic entitlement

to an award of attorney's fees."). Further, "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In this case, the Court has assumed that there is core subject matter jurisdiction. The Court has declined to apply mandatory abstention, but has decided to permissively abstain. The Court concludes, therefore, that an award of attorney's fees is not warranted in this case.

The Court will deny DLJ's request for an award of attorney's fees.

### Conclusion

For the foregoing reasons, the Court will enter a separate Order under which:

1) DLJ's Motion to Remand will be granted and the case will be remanded to the Circuit Court of Fairfax County.

2) DLJ's request for attorney's fees is denied.

3) The Clerk will mail copies of this Memorandum Opinion, together with the accompanying Order, or will provide cm-ecf notice of their entry, to the parties below.

Date: Jan 9 2023

Alexandria, Virginia

/s/ Brian F Kenney

The Honorable Brian F. Kenney
United States Bankruptcy Judge

Entered On Docket:  January 9, 2023

Copies To:

DLJ MORTGAGE CAPITAL, INC.
Corporate Tax Department
11 Madison Avenue
New York, NY 10010
*Plaintiff*

Dee Arnolds
12401 Cape Cod Court
Woodbridge, VA 22192
*Defendant/Debtor*

James M. Towarnicky, Esq.
8910 Seagraves Lane
Fairfax Station, VA 22039
*Counsel for Dee Arnolds*

Amer Ali Farooq
8006 Pohick Road
Springfield, VA 22153
*Defendant*

Norina Farooq
8006 Pohick Road
Springfield, VA 22153
*Defendant*

Nicole Farooq Abu-Ghannam
8006 Pohick Road
Springfield, VA 2215
*Defendant*

John E. Rinaldi, Esq.
4310 Prince William Pkwy. Suite 300
Prince William, VA 22192
*Counsel for Amer Ali Farooq, Norina Farooq,
and Nicole Farooq Abu-Ghannam*

UNITED WHOLESALE MORTGAGE, LLC
4701 Cox Road, Suite 285
Glen Allen, VA 23060
*Defendant*

Russell Scott Drazin, Esq.
4400 Jenifer St., N.W., Suite 2
Washington, D.C. 20015
*Counsel for UNITED WHOLESALE
MORTGAGE, LLC*